

FILED

July 19, 2017

TN COURT OF
WORKERS' COMPENSATION
CLAIMS
Time 2:08 PM

**TENNESSEE BUREAU OF WORKERS' COMPENSATION
IN THE COURT OF WORKERS' COMPENSATION CLAIMS
AT MEMPHIS**

| | | |
|---|---|---|
| Cassandra Greene, | ) | Docket No.: 2017-08-0069 |
| Employee, | ) | |
| v. | ) | State File No.: 4596-2017 |
| | ) | |
| Old Dominion Freight Line, Inc., | ) | Judge Deana Seymour |
| Employer. | ) | |

---

## EXPEDITED HEARING ORDER

---

This case came before the undersigned Workers' Compensation Judge on June 28, 2017, on Ms. Greene's Request for Expedited Hearing. The central legal issues are whether Ms. Greene provided adequate notice of a mental injury related to her witnessing a gunfight while working, and if so, whether she is entitled to medical and temporary disability benefits. For the following reasons, the Court holds Ms. Greene demonstrated she is likely to prevail at a hearing on the merits in establishing that she provided legally-sufficient notice to Old Dominion; thus, she is entitled to medical benefits. However, she has not shown entitlement to temporary disability benefits at this time.

### History of Claim

Ms. Greene worked as a line haul truck driver for Old Dominion on March 14, 2016, when she witnessed a shoot-out in Georgia between the operators of two vehicles traveling next to the truck she and her husband were co-driving to Texas. The driver of one of the vehicles died.[1]

Ms. Greene immediately reported the incident to an Old Dominion dispatcher, who instructed her to drive on to Texas. She continued to work for Old Dominion and began to experience insomnia, paranoia, and anxiety. Ms. Greene promptly asked for assistance from several members of Old Dominion management, including her direct supervisor, Carl; a human resources representative, Mike Ferrell; and another manager,

---

[1] Throughout the hearing, Ms. Greene referred to the incident she witnessed as "the murder."

1

Sherwin.  To counter this assertion, Old Dominion offered numerous affidavits into evidence indicating that Ms. Greene did not report a work injury.[2]  However, it did not submit affidavits from Carl, Mr. Ferrell, or Sherwin.

On May 22, Ms. Greene met with Mr. Ferrell and asked him for help in dealing with the problems she experienced following the incident.  Mr. Ferrell referred Ms. Greene to the Employee Assistance Program (EAP) and told her to apply for short-term disability benefits.

Through Old Dominion's EAP, Ms. Greene began therapy with a licensed clinical social worker, Mary Beth Wingfield, who referred her to a physician for medication management.  As directed, Ms. Greene saw her primary care physician, Dr. Alisha Conway.  Dr. Conway diagnosed her with post-traumatic stress disorder, panic attacks, insomnia, and anxiety, and referred her to a therapist for counseling and to a psychiatrist for more specialized treatment.  It is unclear whether Ms. Greene received psychiatric treatment.

Ms. Greene asked the Court to order Old Dominion to provide medical and temporary disability benefits for her mental injury.  In the alternative, she asked for a panel of physicians from which she could select an authorized physician to evaluate and treat her.  Old Dominion asked the Court to deny Ms. Greene's request for benefits, as she failed to provide adequate notice of a work injury and failed to prove that she sustained a work-related mental injury.

## Findings of Fact and Conclusions of Law

### *Standard Applied*

To grant the relief Ms. Greene seeks, the Court must apply the following legal principles.  Ms. Greene, as the employee, bears the burden of proof on the essential elements of her claim. *Scott v. Integrity Staffing Solutions,* 2015 TN Wrk. Comp. App. Bd. LEXIS 24, at *6 (Aug. 18, 2015).  She does not have to prove every element of her claim by a preponderance of the evidence.  Rather, Ms. Greene must present sufficient evidence from which this Court could determine she is likely to prevail at a hearing on the merits. *McCord v. Advantage Human Resourcing*, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *9 (Mar. 27, 2015).

---

[2] Old Dominion offered the affidavits of Ken Bence, Johnny Stricklin, Tim Wilkes, Steve Merritt, Jason Gordon, James "Kirk" Rainwater, and Katrena Parker.  According to these affidavits, Old Dominion did not receive notice of Ms. Greene's alleged injury until after she filed her Petition for Benefit Determination in January 2017.

2

*Notice*

Old Dominion insisted that Ms. Greene failed to provide adequate notice of her injury. For the following reasons, this Court respectfully disagrees.

The Workers' Compensation Law requires "every injured employee" to "immediately upon the occurrence of an injury, or as soon thereafter as is reasonable and practicable" give notice of the injury to the employer and, if the employee fails to do so, "no compensation shall be payable." Tenn. Code Ann. § 50-6-201(a) (2016). The notice must "state in plain and simple language . . . the time, place, nature, and cause of the accident resulting in the injury." *Id*. at § 50-6-201(b). When the employer raises lack of notice as a defense, the burden shifts to the employee to show that notice was given, the employer had actual notice, or failure to give notice was reasonable under the circumstances. *Hosford v. Red Rover Preschool*, 2014 TN Wrk. Comp. App. Bd. LEXIS 1, at *15 (Oct. 2, 2014). The Workers' Compensation Appeals Board explained that the notice requirement "exists so that an employer will have an opportunity to make a timely investigation of the facts while still readily accessible, and to enable the employer to provide timely and proper treatment for an injured employee." *Id.*

Here, the Court finds the evidence regarding notice weighs in favor of Ms. Greene. Ms. Greene testified unequivocally that she reported the incident to Old Dominion's dispatcher immediately after it occurred. She testified convincingly and without hesitation regarding the actual logistics and time of the call. The Court accepts her testimony as credible and finds it overcomes the affidavits of the Old Dominion employees, whom Ms. Greene admitted she did not speak with about this incident. Rather, she told other Old Dominion management employees that she had witnessed a murder and needed help. These individuals included her immediate supervisor, human resource manager, and dispatchers. After receiving notice, the human resource manager referred Ms. Greene to EAP for counseling. For these reasons, the Court concludes Ms. Greene sufficiently demonstrated that she is likely to prevail at a hearing on the merits in establishing she gave timely notice of the shooting incident to Old Dominion.

*Causation*

Having found adequate notice, the Court turns to Old Dominion's next defense, lack of causation. The Court notes that an employee does not have to prove compensability to activate the employer's obligation to provide a panel of physicians from which the employee may choose an authorized physician. *See McCord*, at *6. In *McCord*, the Appeals Board noted:

> [A] contrary rule would require many injured workers to seek out, obtain and pay for a medical evaluation or treatment before his or her employer would have any obligation to provide medical benefits. The delays

3

inherent in such an approach, not to mention the cost barrier for many workers, would be inconsistent with a fair, expeditious, and efficient workers' compensation system.

*Id.* at *9-10. In striking a balance of fairness and expediency between the parties, the Appeals Board further noted that "mere notice of an alleged workplace accident, in and of itself, does not trigger an employer's duty to provide medical benefits in every case, without regard to the particular circumstances presented." *Id*. at *14. Further, at an expedited hearing, an employee need not establish the compensability of his or her claim by a preponderance of the evidence. Rather where the employee comes forward with sufficient evidence to support that a work event resulted in injury, that evidence may also support an order compelling an employer to provide a panel. *See Lewis v. Molly Maid, et al.*, 2016 TN Wrk. Comp. App. Bd. LEXIS 19, at *8-9 (Apr. 20, 2016).

Upon careful application of this authority to the facts of this case, the Court holds that Ms. Greene presented sufficient evidence demonstrating she is likely to prevail at a hearing on the merits that she is entitled to a panel of psychiatrists. Ms. Greene reported to Old Dominion a specific incident, which occurred at a specific time, while she worked for Old Dominion. She notified Old Dominion's human resource manager, who referred her to EAP for help with the mental issues she told him she experienced after this incident.

*Temporary Disability Benefits*

To establish entitlement to temporary disability benefits, Ms. Greene must show (1) a partial or total disability from working due to a compensable injury, (2) a causal connection between the injury and her inability to work, and (3) the duration of that period of disability. *Jones v. Crencor Leasing and Sales*, 2015 TN Wrk. Comp. App. Bd. LEXIS 48, at *7 (Dec. 11, 2015). Ms. Greene did not introduce any evidence showing that a physician kept her off work, or placed her under restrictions, due to a work-related condition. While counseling and therapy notes suggest her non-physician providers may have recommended she not work, there is no medical proof of disability. Thus, at this time, Ms. Greene has not come forward with evidence to show entitlement to temporary disability benefits.

**IT IS, THEREFORE, ORDERED** as follows:

1. Old Dominion or its workers' compensation carrier shall provide Ms. Greene a panel of psychiatrists from which she may choose an authorized physician for treatment pursuant to Tennessee Code Annotated Section 50-6-204 (2016).

2. Ms. Greene's request for temporary disability benefits is denied at this time.

3. This matter is set for a Scheduling Hearing **on July 31, 2017, at 11:30 a.m. Central Standard Time.** The parties must call (toll-free) 866-943-0014 to participate in the Hearing. Failure to call may result in a determination of the issues without the parties' participation.

4. Unless interlocutory appeal of the Expedited Hearing Order is filed, compliance with this Order must occur no later than seven business days from the date of entry of this Order as required by Tennessee Code Annotated section 50-6-239(d)(3) (2016). The Insurer or Self-Insured Employer must submit confirmation of compliance with this Order to the Bureau by email to WCCompliance.Program@tn.gov no later than the seventh business day after entry of this Order. Failure to submit the necessary confirmation within the period of compliance may result in a penalty assessment for non-compliance. For questions regarding compliance, please contact the Workers' Compensation Compliance Unit via email at WCCompliance.Program@tn.gov.

Entered this the 19th day of July, 2017.

_____

**JUDGE DEANA SEYMOUR**
**Court of Workers' Compensation Claims**

**APPENDIX**

Exhibits:
1. Affidavit of Cassandra Greene
2. Affidavit of Ken Bence
3. Affidavit of Johnny Stricklin
4. Affidavit of Tim Wilkes
5. Affidavit of Steve Merritt
6. Affidavit of Jason Gordon
7. Affidavit of James "Kirk" Rainwater
8. Affidavit of Katrena Parker
9. Line Haul Drivers' Job Description
10. Statements related to short-term disability payments made by Reliance Standard Life Insurance Co.
11. Form C20 Employer's First Report of Work Injury or Illness
12. Form C-23 Notice of Denial of Claim for Compensation
13. Counseling notes from Christian Family Counseling
14. Records related to Ms. Greene's therapy at The Transformation Center with Jill Hampton
15. Medical records from Dr. Alisha Conway
16. Application for Employment
17. Driver's Handbook acknowledgment, dated January 24, 2012
18. Driver's Handbook acknowledgment, dated March 11, 205
19. Excerpts from Driver's Handbook
20. Equal Opportunity Notice
21. Short-Term Disability paperwork

Technical record:
1. Petition for Benefit Determination
2. Dispute Certification Notice
3. Request for Expedited Hearing and attached affidavit
4. Memorandum of Law in Support of Old Dominion Freight Line, Inc.'s Position that Employee's Claim Should be Denied and Dismissed with attachment
5. Employee's Pre-Hearing Memorandum with attachments

The Court did not consider attachments to Technical Record filings unless admitted into evidence during the Expedited Hearing. The Court considered factual statements in these filings or any attachments to them as allegations unless established by the evidence.

**CERTIFICATE OF SERVICE**

I certify that a true and correct copy of the Expedited Hearing Order was sent to the following recipients by the following methods of service on this the 19th day of July, 2017.

| Name | Certified Mail | Via Fax | Via Email | Service sent to: |
|------|---------------|---------|-----------|------------------|
| Laura Smittick, Employee's Counsel | | | X | laura@darrelloneal.com |
| Rockforde King, Employer's Counsel | | | X | rking@emlaw.com |

_____
**Penny Shrum, Clerk of Court**
**Court of Workers' Compensation Claims**
**WC.CourtClerk@tn.gov**